IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| TINA MARIE PALAGI, | Cause No. CV 10-21-GF-SEH-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| WARDEN JO ACTON; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On March 24, 2010, Petitioner Tina Marie Palagi filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

Petitioner's original sentence was deferred, but she violated its conditions and was resentenced to a suspended sentence. She violated those conditions and also was charged with eight new felony offenses. In April 2009, she was sentenced to serve eight years in prison and two years in the custody of the Department of Corrections, the latter suspended. The trial court made her ineligible for parole or community placement. See generally Order at 2-3 ¶¶ 4-7, State v. Palagi, No. DA 09-0359 (Mont. Feb. 9, 2010).

Petitioner asserts that her ineligibility for parole or community placement interferes with her rehabilitation. Pet. (doc. 1) at 3 ¶ 6. There is no federal right to rehabilitation, parole, eligibility for parole, or community placement. Hewitt v. Helms, 459 U.S. 460, 467 n.4 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). In light of Petitioner's record, the trial court's restrictions were not arbitrary or unreasonable.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 2

E.g., Wolff v. McDonnell, 418 U.S. 539, 558 (1974).

The petition is frivolous and should be denied for lack of merit. A certificate of appealability should be denied because Petitioner makes no showing, much less a substantial one, that she was deprived of a federal constitutional right. 28 U.S.C. § 2253(c)(2); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

Based on the foregoing, the Court enters the following:

### RECOMMENDATIONS

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of

Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of her case without notice to her.

DATED this 16th day of April, 2010.

                                       */s/ Keith Strong*
                                       Keith Strong
                                       United States Magistrate Judge